The STATE ex rel. SCHMIDT, n.k.a. Phillips,

v.

SCHMIDT, Appellant; Erie County Child Support Enforcement Agency, Appellee.

[Cite as *State ex rel. Schmidt v. Schmidt*, 186 Ohio App.3d 307, 2010-Ohio-296.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–09–011.

Decided Jan. 29, 2010.

Elizabeth F. Wilber, for appellant.

HANDWORK, Judge.

{¶ 1} This appeal is from the March 4, 2009 judgment of the Erie County Court of Common Pleas, which approved and adopted the magistrate's decision finding appellant, Jonathan Schmidt, in contempt for failing to meet his child-support obligation. Upon consideration of the assignments of error, we reverse the decision of the lower court. Schmidt asserts the following assignments of error on appeal:

{¶ 2} "APPELLANT' [sic] ARGUMENT OF ERROR I

{¶ 3} "Whether in the interest of justice, the trial court should have granted the Motion for Leave to File Notice of Objection, Instanter.

{¶ 4} "APPELLANT' [sic] ARGUMENT OF ERROR II

{¶ 5} "In the alternative, Defendant's attorney provided ineffective assistance of counsel by failing to notify her client of the right to object to the Magistrate's Decision in a timely fashion, thereby denying him that right."

{¶ 6} The parties were divorced in 2005. Schmidt's monthly child-support obligation was determined to be $373.15. In a May 30, 2008 judgment, the trial court agreed that there had been a substantial change in circumstances and recalculated Jonathan Schmidt's child-support obligation to be $242.50, commencing retroactively from January 1, 2008. Furthermore, because of a question of whether he was voluntarily underemployed, the court further ordered Schmidt to provide proof to the Erie County Child Support Enforcement Agency that he was seeking employment each week from at least three employers.

{¶ 7} On July 16, 2008, Norma Schmidt filed a motion to show cause on the ground that Jonathan Schmidt had failed to make the child-support payments ordered by the court in its May 30, 2008 order. On July 31, 2008, the court found that the motion was well founded and ordered Schmidt to appear for a contempt hearing. A hearing before a magistrate was held on October 16, 2008. Based upon the testimony presented, the magistrate found that Schmidt was $3,517.91 in arrears on his child-support obligation and that Schmidt's explanations of why he was unable to meet his obligation were not credible. Therefore, the magistrate proposed that Schmidt be found in contempt, sentenced to 30 days in the Erie County Jail, and fined $100. While the judgment was dated October 22, 2008, the judgment was not journalized until November 12, 2008.

{¶ 8} On November 6, 2008, Schmidt moved for leave to file his objections to the magistrate's decision. He attested that his attorney was on vacation from October 24 through November 3, 2008 and did not receive the court's order until her return. Therefore, he was unable to timely request a continuance. On November 12, 2008, the trial court denied the motion to file the objections. Schmidt then filed a motion for reconsideration of the trial court's prior order, which the trial court denied on December 15, 2008.

{¶ 9} The trial court approved and adopted the magistrate's decision on January 13, 2009, but that order was not journalized until March 4, 2009. Schmidt filed his notice of appeal from that order on March 9, 2009.

{¶ 10} A court speaks through its journal entry, and a judgment is not rendered until it is reduced to a written journal entry and filed with the clerk for

journalization. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 337, 686 N.E.2d 267, and Civ.R. 58(A). Likewise, a magistrate's decision must be filed with the clerk for journalization. Civ.R. 53(B)(3)(a)(iii). Objections to the magistrate's decision must be filed within 14 days after the decision is journalized. Civ.R. 53(D)(3)(b).

{¶ 11} Since the magistrate's decision in this case was not journalized until November 12, 2008, Schmidt's motion for leave to file objections to the decision filed on November 6, 2008, was timely. The trial court erred as a matter of law by denying the motion. Therefore, we find Schmidt's first assignment of error well taken and his second assignment of error moot.

{¶ 12} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Erie County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this judgment. Appellee is hereby ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

MARK L. PIETRYKOWSKI and ARLENE SINGER, JJ., concur.